IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| | : | Case No. 01-926 (MFW) Through |
| MUMA Services Inc. et al.,[1] | : | Case No. 01-932 (MFW) And |
| | : | 01-935 (MFW) Through 01-950 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hearing Date: May 23, 2003 at 9:30 a.m. |
| | : | |

**OBJECTION OF THE CHAPTER 7 TRUSTEE TO AMENDED PRETRIAL MEMORANDUM IN SUPPORT OF THE ASSERTED MARITIME LIEN OF MATTHEW BILBOW AGAINST THE PROCEEDS OF THE SALE OF THE M/V HUMACAO AMENDING THE PRETRIAL MEMORANDUM IN SUPPORT OF THE ASSERTED MARITIME LIENS OF ROBERT L. SARAVELLO, JOHN BIRCH, MICHAEL COMEY, AND FRANCIS CASPER WITH RESPECT TO PROCEEDS OF THE SALE OF THE NPR ASSETS [Docket No. 3450]**

Charles Stanziale, Jr., as the chapter 7 Trustee (the "Chapter 7 Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby submits this objection (the "Objection") to the assertion of a maritime lien by Matthew Bilbow ("Bilbow") against the proceeds from the sale of the M/V HUMACAO (the "Billow Claim"). In support of the Objection, the Chapter 7 Trustee respectfully represents as follows.

## BACKGROUND

1.   On March 21, 2001 (the "Petition Date"), Debtors filed with the Court their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1]   The Chapter 7 Debtors are the following entities: MUMA Services, Inc. (f/k/a Murphy Marine Services, Inc.), The Holt Group, Inc., B.H. Sobelman & Co., Inc., Borinquen Maintenance, Inc., Broadway Equipment Leasing Corp., C.R.T., Inc., Dockside International Fish Co., Holt Cargo Systems, Inc., Holt Hauling & Warehousing Systems, Inc., New Port Stevedores, Inc. (f/k/a S.J.I.T., Inc.), NPR Holding Corporation, NPR, Inc., NPR-Navieras Receivables, Inc., NPR S.A., Inc., Oregon Avenue Enterprises, Incorporated, Pattison Avenue Warehousing Corp., Refrigerated Distribution Center, Inc., Refrigerated Enterprises, Inc., The Riverfront Development Corporation, SJT Liquidating Co. (f/k/a San Juan International Terminals, Inc.), 777 Pattison Ave., Inc., Triple Seven Ice, Inc., and Wilmington Stevedores, Inc.

2. On April 26, 2002, this Court approved the Motion of the Debtors NPR, Inc. ("NPR"), San Juan International Terminals, Inc. ("SJIT"), Holt Hauling & Warehousing System, Inc. and Holt Cargo Systems, Inc. to sell certain of their assets, including all or substantially all of the assets of NPR and SJIT, free and clear of all liens claims and encumbrances. The assets sold include the S/S CAROLINA.

3. On May 10, 2002, this Court entered the initial scheduling order (the "Scheduling Order") to govern this litigation. Pursuant the Scheduling Order, all maritime liens were to be submitted with supporting documentation on or before May 28, 2002.[2] The Chapter 7 Trustee and the pre-conversion Debtors complied with the Scheduling Order, as amended, by submitting responses to the notice of liens filed by lien claimants on June 21, 2002 and July 2, 2002. The Debtors also responded to discovery received from the Lien Claimants.

4. On July 25, 2002, this Court granted the motion of the Office of the United States Trustee to convert the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. On July 26, 2002, Charles A. Stanziale, Jr. was appointed the Chapter 7 Trustee in the converted cases

5. On April 24, 2003, Bilbow filed with the Court an Amended Pretrial Memorandum In Support of the Asserted Maritime Lien Against Matthew Bilbow Against the Proceeds of the Sale of the M/V HUMACAO Amending the Pretrial Memorandum In Support of the Asserted Maritime Liens of Robert L. Saravello, John Birch, Michael Comey, and Francis Casper With Respect To Proceeds of the Sale of the NPR Assets.

## CHAPTER 7 TRUSTEE'S OBJECTION

6. Bilbow admits that there is no nexus between any of the Debtors' vessels and his alleged injuries. Rather, he asserts that he was a shore-side laborer (longshoreman), employed

---

[2] This date was subsequently extended to June 14, 2002.

by the Debtors, operating a crane at the Packer Avenue Terminal in Philadelphia, Pennsylvania when he was struck by a private motor vehicle operated by another of Debtors' employees. Bilbow alleges that the offending motor vehicle operator was "acting within the scope of his employment aboard the M/V HUMACAO" at the time of the accident. Despite the fact that Bilbow is well-into discovery in his case against the motor vehicle operator, he presents no facts in support of this conclusory allegation.

7.  Pursuant to the Scheduling Order, the deadline for filing maritime lien claims in this action was July 14, 2002. Counsel for Bilbow complied with that deadline with regard to four other longshoremen who assert alleged maritime lien claims for injuries allegedly incurred while working onboard a vessel. Bilbow asserted his claim as a non-maritime claim based on a shore-side automobile accident. No facts or law have been asserted to permit this late reversal of his admission that this claim is not a maritime claim.

8.  Bilbow asserts that "under certain circumstances" an injury that occurs on shore can give rise to a maritime lien claim against a ship. This assertion is correct **if** the ship caused the injuries Gutierrez v. Waterman SS. Corp., 373 U.S. 2056, 83 S.Ct 1185 (1963) In the case cited by Bilbow, the longshoreman was injured by slipping on cargo that was spilled by the Vessel. The Court concluded that this act was a tort "committed by the ship itself." Id.

9.  Bilbow broadly states the proposition that the tortious acts of an employee who works onboard a ship acting within the scope of that employment gives rise to a maritime claim. The authority cited does not support this proposition. Rather, 1B Benedict on Admiralty §§ 29 p. 3-220 (7th ed. 2002) concerns only a jury instruction on the vicarious liability of the shipowner (employer) for the tortious acts of employees acting within the scope of employment: it says nothing about the in rem liability of the vessel itself.

10. Similarly, Bilbow cites <u>Boudoin v. Lykes Bros. Shipping Co. Inc.</u>, 348 U.S. 336, 75 S.Ct 382 (1955), which deals with a crew member's actions onboard a vessel giving rise to an unseaworthiness claim by an injured seamen. In the first instance, <u>Boudoin</u> involves an action on board the vessel, and secondly, a shipowner owes a seaworthiness duty to a seamen (crew members), but not to a longshoreman. This case is irrelevant to the facts <u>sub judice</u>.

11. In fact, an automobile accident on the pier is not even within the maritime jurisdiction of the Federal Court and is subject to State Law. There is no admiralty jurisdiction where the alleged tort did not take place on navigable waters. See <u>Jerome B. Grubart Inc. v. Great Lakes Barge & Dock Co.</u>, 513 U.S. 527 (1995).

12. Under Pennsylvania law, an employer is clearly not liable for the negligence of his employee in driving the employee's car to or from work, or even between job sites. <u>Wilson v. United States</u>, 315 F. Supp. 1197, 1198 (E.D.Pa.1970). <u>Cesare v. Cole</u>, 210 A.2d 491 (Pa. Sup. 1965)

13. Bilbow's claim involves an automobile accident, obviously shore-based and subject to local, not maritime law. There is no <u>in rem</u> liability of the vessel for the acts of its crewmen driving to or from work.

**[continued on the next page]**

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court deny the Bilbow Claim and grant such other and further relief as is just and proper.

Dated: May 6, 2003
      Wilmington, Delaware

THE BAYARD FIRM

_/s/ Charlene D. Davis_
Charlene D. Davis (No. 2336)
Daniel K. Astin (No. 4068)
Anthony M. Saccullo (No. 4141)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000

-and-

Donald J. Crecca
Jeffrey T. Testa
SCHWARTZ, TOBIA, STANZIALE,
  SEDITA & CAMPISANO, P.A.
22 Cresmont Road
Montclair, NJ  07042
(973) 746-6000

Special Counsel to Charles A. Stanziale, Jr.
as Chapter 7 Trustee

WATSON, FARLEY & WILLIAMS
Alfred E. Yudes, Jr.
380 Madison Avenue
New York, NY 10017
(212) 922-2200

Special Admiralty Counsel to Charles A. Stanziale, Jr. as Chapter 7 Trustee