IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 1:05-cv-00328-SLR |
| | ) | |
| MURPHY MARINE SERVICES, INC., | ) | Case No. 01-926 |
| | ) | through 01-950 (MWF) |
| Debtor, | ) | |
| | ) | |
| MATTHEW BILBOW, | ) | |
| | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUMA SERVICES, INC., | ) | |
| | ) | |
|     Appellee | ) | |

**REPLY BRIEF OF APPELLANT, MATTHEW BILBOW**

Charles J. Brown, III (No. 3368)
Elzufon Austin Reardon Tarlov
& Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
(302) 428-3181

Dated: November 14, 2005

Counsel for Appellant

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................... ii

I.     Argument     ................................................................................................................1

   A.   Fed. R. App. P. 10 provides procedures for modification of the Record on Appeal. ....1

   B.   The Appellee's attempt to supplement the Record is not appropriate since very limited
        discover has been conducted with respect to Bilbow's claim.......................................2

   C.   Portions of the Hannon Deposition actually support Appellant's position that the accident
        was maritime in nature.................................................................................................2

   D.   If this Court allows the Appellee to supplement the record in this manner, and considers
        the Hannon Deposition, it must be noted that Hannon has an interest in protecting his
        license as an engineer and his livelihood and would therefore seek to distance himself,
        and the accident, form his employer and his duties as an engineer. ............................3

   E.   The Appellee's effort to distinguish the authorities upon which Appellant relies is
        unpersuasive     ............................................................................................................3

   F.   The Appellee's charge that Bilbow failed to present evidence in support of his claim
        before the Bankruptcy Court is misguided. .................................................................4

II.    Conclusion     ..............................................................................................................6

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

Boudoin v. Lykes Brothers Steamship Co., Inc., 348 U.S. 336, 75 S. Ct. 382 (1955) ...................4

Gutierrez v. Waterman S.S. Corp., 373 U.S. 206, 83 S. Ct. 1185 (1963) ........................5

Hobson v. Texaco, 383 U.S. 262 (1966)...................................................................3, 4

**STATUTES**

FED. R. APP. P. 10 ...........................................................................................1

FED. R. BANKR. P. 8006...................................................................................1

ii

## I.    Argument

### A.    FED. R. APP. P. 10 provides procedures for modification of the Record on Appeal.

It must be made clear at the outset of this Reply Brief, being filed in response to the Chapter 7 Trustee's Answering Brief (D.I. 9) (the "Answering Brief"), that FED. R. APP. P. 10 provides the procedure for the modification of the Record on Appeal. The Answering Brief makes a number of factual assertions that are neither on the Record, supplemented pursuant to FED. R. BANKR. P. 8006, or modified according to FED. R. APP. P. 10 and simply attaches to its Answering Brief the deposition transcript of James Patrick Hannon.

On April 18, 2005, undersigned counsel for Matthew Bilbow (the "Appellant" or "Bilbow") filed the Appellant's (I) Statement Of Issue To Be Presented And (II) Designation Of The Items To Be Included In The Record On Appeal (the "Appellant's Designation"). "Within 10 days after the service of the [Appellant's Designation] the appellee may file and serve of the appellant a designation of additional items to be included in the record on appeal." FED. R. BANKR. P. 8006. Additionally, FED. R. APP. P. 10(e)(2) provides "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." FED. R. APP. P. 10(e)(2).

Not only did the Trustee not take advantage of the opportunity to supplement the Record, as set forth in FED. R. BANKR. P. 8006; the Trustee fails to follow the procedures for misstatements or omissions from the Record, as set forth in FED. R. APP. P. 10. A party cannot simply supplement a record by setting forth factual assertions in its briefs, when such factual assertions are not included in this Court's Record.

1

**B.**    **The Appellee's attempt to supplement the Record is not appropriate since very limited discovery has been conducted with respect to Bilbow's claim.**

There has been very limited discovery conducted with respect to Bilbow's claim against both Hannon and the Debtors.  Bilbow obtained limited relief from the Automatic Stay in order to file and serve its complaint against the Debtors' estate. After Bilbow filed and served its Complaint, the Automatic Stay was re-imposed.  Therefore Bilbow's claim against the Debtors' estate is stayed.

Moreover, Bilbow's claim against Hannon has been inactive pending a determination as to whether Bilbow's claim against the Debtors' estate will be allowed to go forward.  Therefore, it would not be equitable to allow the Appellee to supplement the record when the parties are not in a position to fully advise this Court as to all of the facts surrounding the accident.

**C.**    **Portions of the Hannon Deposition actually support Appellant's position that the accident was maritime in nature.**

The Hannon Deposition provides support for the notion that Bilbow is entitled to a maritime lien.  For example, Hannon testified that another employee of the Debtors contacted the pier's guard, which allowed Hannon to drive his vehicle onto the pier. (Ex. A to Answering Brief at 20).  Without this action from one of the ship's employees, Hannon would not have been driving the vehicle on the pier.  Furthermore, the purpose of Hannon being on the pier was to allow him to unload his "gear" which included a laptop used for ship business, work clothes, and paperwork. (Ex. A to Answering Brief at 12-13, 21-22, 54-55).  Clearly, Hannon's activities on the pier were related to his employment as chief engineer of the Humacoa.

The maritime nature of the accident is further illustrated by Hannon's testimony that his employer initiated a Coast Guard investigation as a result of his conduct on the date of the accident. (Ex. A to Answering Brief at 68-69).[1]

**D.**    **If this Court allows the Appellee to supplement the record in this manner, and considers the Hannon Deposition, it must be noted that Hannon has an interest in protecting his license as an engineer and his livelihood and would therefore seek to distance himself, and the accident, from his employer and his duties as an engineer.**

Should this Court allow the Appellee to supplement the record with the Hannon Deposition, this Court must consider that Hannon is far from a disinterested witness. Hannon has obvious reasons to protect his employer, his license and his livelihood by attempting to distance his employer and his activities, as ship's chief engineer, from the accident. Accordingly, Hannon could be expected to color his testimony. Despite this fact and the fact that discovery is not complete in either Bilbow's claim against Hannon or Bilbow's claim against the Debtors, as discussed earlier, Hannon's testimony did provide support for Bilbow's assertion that his claim is maritime in nature.

**E.**    **The Appellee's effort to distinguish the authorities upon which Appellant relies is unpersuasive.**

Appellee's attempt to distinguish Hopson v. Texaco, 383 U.S. 262 (1966), falls short from the mark. It is true that Hopson was a seaman and, as the Appellee points out, Bilbow is not a seaman. Nevertheless, Hannon (who struck Bilbow) was a seaman, who, at a minimum, struck Bilbow while attempting to unload his personal, professional and work issued gear onto the vessel against which Bilbow asserts a maritime lien. Hopson stands for, and was cited for, the proposition that a motor vehicle accident can give rise to a maritime claim.

---

[1] Hannon did state that his "understanding" was that the investigation was not related to the accident. (Ex. A to Answering Brief at 70). Appellant believes that additional discovery is warranted as to both the results of the

The Appellee's attempt to distinguish this case from <u>Boudin v. Lykes Brothers Steamship Co., Inc.</u>, 348 U.S. 336 (1955) also fails. Bilbow has never claimed that the basis of his claim was unseaworthiness. Unseaworthiness versus negligence is not the issue with respect to this appeal. The issue is whether the actions of a ship's employee can form the basis of a maritime lien. The <u>Boudin</u> decision is clear; an injury caused by an employee of a ship can give rise to a maritime claim.

**F.    The Appellee's charge that Bilbow failed to present evidence in support of his claim before the Bankruptcy Court is misguided.**

The basis for Bilbow's appeal is fairly simple; just as the other four longshoremen were given the opportunity to establish their personal injury claims as maritime lien claims before a court with jurisdiction to liquidate such claims, Bilbow seeks to make such a showing before a court of competent jurisdiction. The Appellee argues that Bilbow, unlike the other four longshoremen, was obligated to present a mini-trial before the Bankruptcy Court.

The Answering Brief, on page 11, states as follows:

> Subsequently, Appellant submitted an amended claim asserting a maritime lien. In order to establish the validity and priority of his asserted maritime lien, Appellant admits he needed to show that the miscreant automobile drive was part of the ship's crew on ship's business. At the May 13th hearing, he submitted no such evidence. [ ] The Bankruptcy Court rejected Appellant's legal theory, so ignored the fact that Appellant failed to carry its burden of proving the factual predicate to his assertion of a maritime lien.

(Answering Brief at 11). The Bankruptcy Court did not want to hear evidence on the personal injury claims, but rather took the claimants' assertions as true for the limited purpose of determining whether the claimant COULD establish a lien claim before a court of competent jurisdiction. With respect to Bilbow's claim, the Bankruptcy Court held that as a matter of law,

---

investigation and the basis for its initiation.

that because Bilbow's injury involved a motor vehicle and occurred on the pier his claim could not give rise to a maritime claim.

The Bankruptcy Court erred in determining that the injuries sustained by Bilbow, as a result of Hannon (the chief engineer of the Humacao) striking Bilbow with his motor vehicle, could not give rise to a maritime lien. This Court should afford Bilbow the same opportunity, that was afforded to the four other longshoreman asserting maritime claims and liens, which was to present the facts of each of their cases to a jury to determine the validity of their respective maritime tort claims. If valid, these maritime tort claims would give rise to maritime liens against the proceeds of the sale of the Debtors' vessel.

As stated in Bilbow's Opening Brief, Biblow's work as a longshoreman crane operator and his being struck by a motor vehicle operated by Hannon, an employee of the Debtors while engaged in activities that would serve to benefit the vessel upon which he was the chief engineer, the Humacao, which was owned and operated by the Debtors, gives rise to a maritime tort claim under the standards set forth in Gutierrez. Gutierrex v. Waterman S.S. Corp., 373 U.S. 206 (1963).

## II. Conclusion

The Bankruptcy Court erred in not allowing Bilbow the same opportunity afforded the other longshoremen to assert before a Court of competent jurisdiction that he has a maritime tort claim, which, if proven at trial, would entitle him to a maritime lien against the sale of assets of the vessel. The Bankruptcy Court's Opinion and Order of March 30, 2005 should be reversed as it applied to Matthew Bilbow.

November 14, 2005
Wilmington, Delaware

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


/s/ Charles J. Brown, III
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19801
(302) 428-3181


Counsel for Appellant

6

## CERTIFICATE OF SERVICE

I, Charles J. Brown, III, hereby certify that I caused a copy of the foregoing *Appellant's Reply Brief* to be served upon the following parties via first class mail.

Daniel K. Astin, Esq.
Charlene Davis, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware  19899

Alfred E. Yudas, Jr., Esq.
Watson, Farley & Williams
380 Madison Avenue
New York, New York  10017

Richard Riley, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware  19899

I certify the foregoing to be true and correct under the penalty of perjury.

Dated: November 14, 2005                          */s/ Charles J. Brown, III*
                                                  Charles J. Brown, III (No. 3368)