IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>MUMA SERVICES INC., et al, )<br>f/k/a Murphy Marine Services, )<br>Inc., )<br>)<br>)<br>)<br>Debtors. ) | Chapter 7<br><br>Bk. No. 01-926(MFW) through<br>01-932(MFW) and 01-935(MFW)<br>through 01-950(MWF)<br><br>Jointly Administered |
| MATTHEW BILBOW, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>MUMA SERVICES INC., et al, )<br>f/k/a Murphy Marine Services, )<br>Inc., and CHARLES A. )<br>STANZIALE, JR., Chapter 7 )<br>Trustee to the Estate of MUMA )<br>Services, Inc. )<br>)<br>Appellees. ) | Civ. No. 05-328-SLR |

**O R D E R**

At Wilmington this 29th day of September, 2006, having reviewed the appeal filed by appellant Matthew Bilbow and the papers filed in connection therewith;

IT IS ORDERED that the appeal is denied. The decision of the bankruptcy court dated March 30, 2005 is affirmed, for the reasons that follow.

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. §

158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Question presented.** The appeal presents a question of law, that is, whether appellant asserted a valid maritime lien claim based on injuries he sustained when he was struck by a private motor vehicle operated by one of the debtor's employees on the pier.

3. **Background facts.** On or about February 25, 2000,

appellant, a longshoreman crane operator, was injured while on a pier at the Packer Avenue Terminal in Philadelphia, Pennsylvania, when he was struck by a motor vehicle driven by a crew member of the M/V Humacao that the debtors owned and operated. Although appellant asserts that there remain questions of fact as to whether the crew member was acting within the scope of his employment, the record contains the deposition transcript of said individual. According to the deposition, James P. Hannan testified that, on the date of the accident, he was driving his personal motor vehicle from his home in Baltimore to the Packer Avenue Terminal. The accident occurred on the pier before Hannan reported for duty. He did not sail with the vessel that day and the Coast Guard subsequently concluded that he was not employed as a crewman at the time of the accident. Certainly, the accident was not at all related to the loading or unloading of the vessel. (D.I. 10)

4. **Analysis.** In support of his appeal, appellant directs the court's attention to the Supreme Court's decision in <u>Gutierrez v. Waterman Steamship Corp.</u>, 373 U.S. 206 (1963). The Court in <u>Gutierrez</u> held that "the duty to provide a seaworthy ship and gear, including cargo containers, applies to longshoremen unloading the ship whether they are standing aboard

ship or on the pier."¹  Id. at 215.  In explaining its reasoning, the Supreme Court addressed the concern that such a holding may extend liability too far.

> Various **farfetched** hypotheticals are raised, such as a suit in admiralty for an ordinary automobile accident involving a ship's officer on ship business in port, or for someone's slipping on [cargo] that continue[s] to leak from the[ir] bags in a warehouse in Denver.  We think it sufficient for the needs of this occasion to hold that the case is within the maritime jurisdiction under 46 U.S.C. § 740 when, as here, it is alleged that the shipowner commits a tort **while or before the ship is being unloaded,** and the impact of which is felt ashore at a time and place not remote from the wrongful act.

Id. at 210 (emphasis added).

5.  Appellant can cite to no case where this holding has been further extended to the "farfetched hypothetical" of a longshoreman on the pier who is struck by a motor vehicle.  See Victory Carriers, Inc. v. Law, 404 U.S. 202 (1971)(the Supreme Court found there was no maritime jurisdiction where a longshoreman was injured by a forklift on the dock).

---

¹The holding in Gutierrez predates the amendment to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, which eliminated a longshoreman's right to sue a vessel for unseaworthiness (which has a strict liability standard), instead limiting the cause of action to one of negligence against the vessel.  Nonetheless, even under Gutierrez, appellant cannot prevail.  In that case, a longshoreman unloading a vessel slipped on some loose beans spilled on the dock and suffered personal injuries.  The trial court had found that the cargo of beans had been packed in broken and defective bags, and that beans spilled out of the bags during unloading.

4

6.  The record at bar demonstrates that the motor vehicle that caused appellant's injuries was not part of the vessel's gear and was not being driven in connection with the vessel's operation.  Appellant does not have a valid maritime tort claim which would be a lien on the proceeds from the sale of the M/V Humacao.  Therefore, the opinion and order of the bankruptcy court dated March 30, 2005 are affirmed.

_____
United States District Judge